The opinion of the court was delivered by
McEnery, J.
The predecessor of respondent set aside and annulled the appointment of a jury commission and then appointed another, and subsequently ordered a special jury term, without reference to the trial of any particular case.
The respondent judge, on qualifying, set aside the order of his predecessor, and appointed another jury commission, and set aside the order for a special jury term.
These orders he had an undoubted right to make, and we can not annul them. It does not appear that the orders were issued with special reference to the trial of the case of Wilkinson vs. Hingle who is the respondent in this case, and who is recused. The judge selected to try the case has full power to issue all necessary orders. If on the trial of the case of Wilkinson vs. Hingle it appears that the jury commission appointed by the respondent judge acts with partiality and illegally, it will be time enough to notice the irregularities in the trial. It is certain that we can not in advance take notice of the alleged intended partiality of the jury commission appointed by the respondent judge.
It was a power vested in him when he ascended the bench to appoint the jury commission, and to set aside the order for a special jury term, if, in his judgment, it was necessary and essential for the public interests.
The relief prayed for is denied.